MOORE v. BANK OF THE STATE OF MISSOURI.

<span style="float:right">MAY TERM<br>1840.<br><br>Moore<br>vs.<br>Bank of the State of Missouri.</span>

When an officer performs any ʳact in pursuance of a duty enjoined on him by law, his official statement of its performance, is evidence thereof: therefore, the protest of a notary public of a negotiable promissory note, stating that such note was presented for payment, &c., is evidence of the facts stated in such protest

Appeal from the circuit court of St. Louis county.

*Gamble for Appellant.*

1st. Presentment was necessary, in this case, to charge the defendant Moore as endorser. Chitty on bills, 262, 402.

2nd. Protest of a promissory note, or inland bill of exchange, is altogether superrogatory and is not evidence of the facts stated in it. Chitty on bills 218. 6 Wheaton 146, 572. 8 Wheaton 326.

*Bowlin for Appellee.*

But two isolated questions arise, to wit: Was the protest of the notary evidence of demand? Was a demand necessary?

In support of the position that it was, the appellee relies upon the case of Drosser vs. Clemens decided in this court. 4th vol. Mo. decisions page 52.

On a negotiable note under the statute, made payable at a specified place, as the Bank of the State of Missouri, a demand is not necessary. The maker should have gone, and taken up his note within the banking hours, on the last day of payment.

In support of this see 6 Massachusetts Reports 524. 12th ditto 416, and 17th ditto 449, top paging. Bank charter sec. 29. Session acts of 1836–7.

*Opinion of the Court delivered by Tompkins Judge.*

The Bank sued Moore in the circuit court, and judgment was there given against Moore, to reverse which he appeals to this court.

The evidence preserved in the bill of exceptions is, that on the 24th of October 1827, one Wilcox made his note to be paid to the order of one Stine, negotiable and payable, at the Bank of the State of Missouri. The note was endorsed by Stine to Moore, and by Moore to the Bank, and protested for non-payment. A witness on the part of plaintiff proved, that he acted as clerk for the notary public: that it

was his business to give notice to endorsers of the dishonor of notes; that he had no distinct recollection of the fact of giving notice to the defendant, Moore, of the dishonor of this note, but he believed, from his practice in all like cases, that he had given Mr. Moore notice, either by leaving the notice at his place of residence, or at the post office in the city of St. Louis, the day after the note was protested: that Moore lives out of the corporate limits of the City of St. Louis, and that his practice is, when the endorser lives without the limits of the corporation, to leave the same at the post office in the city. He also testified, that he knew nothing of the fact of the note being presented for payment at the Bank of Missouri. The plaintiff offered the protest of the note in evidence, and the defendant objected to its admission, but his objections being over ruled, it was given in evidence. The defendant then moved the court to decide, that there was no evidence of the note having been presented at the Bank for payment; the court refused to decide this, and the defendant excepted.

The objection is, that the protest is not evidence of the note being presented at the Bank for payment. By the sixth section of the act concerning bonds and notes, found in the digest of 1835, such notes as this sued on here, are declared to have the same effect, and to be negotiable in like manner, as in cases of inland bills of exchange. By 7th section of the act concerning bills of exchange page 96, of the digest of 1835, it is provided, that inland bills of exchange, not paid according to the terms thereof, may be protested and damages recovered.

When an officer performs any act in pursuance of a duty enjoined on him by law, his official statement of its performance, is evidence thereof: therefore, the protest of a notary public of a negotia-

It is a principle of law, admitted universally, and acted on at this term of this court in the case of Guerno vs. Janis, that when an officer performs any act in pursuance of a duty enjoined on him by law, his act, thus performed, proves itself. See, to the same purpose, the case of Ronkendorf vs. Taylors lessee, (4 Peters R. 349, where it was decided, that the official tax books of the corporation of Washington City, made up by the Register, from the original returns or lists of the assessor laid before the court of appeals—he being empowered, by the ordinances of the corporation, to correct

the valuations made by the assessors, are evidence. But moreover, this note is endorsed by Moore, and the Bank has sued on it as its own property, as it might well do, for it is endorsed in blank, and the blank may be filled as the bank pleases; and the 29th section of the act to charter the Bank provides, that all bills and notes, whether under seal or otherwise, at any time discounted by the Bank, shall be placed upon the same footing as foreign bills of exchange, so that the like remedy shall be had for the recovery, against the drawer or endorser thereof, and with like effect, except so far as relates to damages. A part of the remedy, as I understand the law, is that notes may be protested, and the protest be, as in cases of foreign bills of exchange, evidence of the presentment for payment. The protest states that the note was presented at the Bank for payment where the note was payable, and this in my opinion, was sufficient evidence of presentment.

MAY TERM 1840

Moore vs. Bank of the State of Missouri.

ble promissory note, stating that such note was presented for payment &c. is evidence of the facts stated in such protest.

The judgment of the circuit court ought then, in my opinion, to be affirmed, and Judge Napton concurring in this opinion, it is affirmed.

*McGirk Judge.*

In this case I am not prepared at this time to give an opinion.